420 A.2d 1044

**In re Nomination Papers of John W. MORRIS.**

**Appeal of Raymond F. LEDERER.**

Supreme Court of Pennsylvania.

Argued Sept. 29, 1980.

Decided Oct. 2, 1980.

Richard A. Gahr, for appellant.

Gregory M. Harvey, Philadelphia, for appellee.

David F. Phifer, Gen. Counsel, Dept. of State, Harrisburg, for Secretary of Commonwealth.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## ORDER

AND NOW, this 2nd day of October, 1980, the Order of Commonwealth Court is affirmed.

NIX, J., files a dissenting opinion.

LARSON, Justice, dissenting.

I dissent; I would grant the prayer to set aside the nomination papers of John W. Morris and in support thereof cite *Bucks County Democratic Party v. Tracy*, 27 Bucks Co.L.Rep. 222 (1975), *appeal dismissed per curiam*, 464 Pa. 237, 346 A.2d 303 (1975).

NIX, Justice, dissenting.

The majority holds that *Salera v. Tucker*, 399 F.Supp. 1258 (E.D.Pa.1975), aff'd, 424 U.S. 959, 96 S.Ct. 1451, 47 L.Ed.2d 727 (1976) is controlling in the instant case. However, the majority overlooks a fundamental distinction between the situation in *Salera* and the case now before us. In *Salera*, the court based its decision to extend the statutory filing date [1] upon the fact that those candidates were independent, and by inference, deemed to be bona fide.[2] The permanent injunction in *Salera* only covers those types of independent

1. 25 P.S. § 2913(b) and (c).

2. In distinguishing the case *Williams v. Tucker*, 382 F.Supp. 381, 386 (M.D.Pa.1974), the court in *Salera* stated: "In *Williams* the challenge to the constitutionality of § 2913(b) and (c) came from a defeated party candidate. . . . in fact, he [Williams] was completely unconcerned with § 2923's effect on *bona fide independent* associations or *candidates*." 399 F.Supp. at 1268 (emphasis added).

candidate similarly situated. Appellee herein is not that type of person whose rights are unnecessarily infringed by the provisions which unconstitutionally barred Mr. Salera from the ballot.

The Commonwealth of Pennsylvania has a compelling state interest in protecting and maintaining the integrity and stability of its nominating process, including the various routes to the ballot. *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

"The direct party primary . . . is not merely an exercise or warm–up for the general election, but an integral part of the entire election process, the initial stage in a two–stage process by which the people choose their public officers. It functions to winnow out and finally reject all but the chosen candidates. The State's general policy is to have contending forces within the party employ the primary campaign and primary election to finally settle their differences. The general election ballot is reserved for major struggles; it is not a forum for continuing intraparty feuds." *Id.* at 735, 94 S.Ct. at 1281.

In the instant case, appellee filed a nominating petition as a Democrat to run for Representative in Congress from the Third Congressional District in the primary election held April 22, 1980, but prior to the primary, voluntarily withdrew his petition. Appellee then continued to participate in several functions of the Democratic Party.

The *Salera* decision was not intended to provide dissatisfied candidates a tactical advantage by providing a second alternative route to the general election. Appellee cannot be characterized as within that class of independent candidates envisioned in *Salera* and the extension contained therein does not apply.[3]

---

**3.** The legislature has recently amended the Election Code to provide for a one year "disaffiliation" requirement for independent candidates, Act 134 of 1980 (effective January 1, 1981), thus further articulating a firm intention to preserve the integrity of the nominating process.